UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA ____ X

JEAN BERNIER,                              COMPLAINT  PURSUANT
29463054                                         TO
FCI Allenwood      Plaintiff,          FEDERAL TORT CLAIMS ACT,
P.O. Box 2000                          ADMINISTRATIVE PROCEDURE
White Deer, Pa 17887/9.                          ACT.

UNITED STATES OF America,
Director of the Federal Bureau
of Prisons,                            Case: 1:20-cv-01250
                                       Assigned To : Unassigned
           Defendants.                 Assign. Date : 5/11/2020
                                       Description: PRO SE GEN CIV (F-DECK)

____ X

## INTRODUCTION

   This is a prisoner, pro se action filed pursuant
to the Federal Tort Claims ACT(FTCA), 28 U.S.C 2671 et seq.,
and the Administrative Procedure Act(APA), 5 U.S.C 701 et seq.
The complaint alleges negligence on the part of Federal
Bureau of Prisons employees in the course of performing
their official duties pursuant to the FTCA.

   The complaint additionally challenges several determinations
made by the Federal Bureau of Prisons(BOP) concerning specific
conditions of confinement which are arbitrary and capricious
pursuant to the APA. The right to petition the Government
for redress of grievances is also implicated in two of the
APA claims. There is also a freedom of Information Act
request claim.

## JURISDICTION

The Court has Jurisdiction to hear the FTCA claim pursuant to 28 USC 1346(b); and, 28 USC 2675 as the Plaintiff has submitted the claim to the BOP and was denied; and, 28 USC 2401(b) as Plaintiff has filed this action with the Court within six months of denial of the claim by the BOP.

The Court has Jurisdiction to hear the APA claims pursuant to 28 USC 1331 & 5 USC 702; and, 5 USC 704 as Plaintiff has exhausted BOP administrative remedies; and, 28 USC 2401(a) as Plaintiff has filed this action with the Court within six years of the denial of the claims by the BOP.

## PARTIES

1. Plaintiff Jean Bernier is presently a federal prisoner in the custody of the BOP.

2. Defendant United States of America has waived its sovereign immunity and has allowed itself to be sued for injunctive relief in the context of the APA for the decisions of its agencies. The BOP is an agency of the United States and can be named as Defendant in lieu of the United States pursuant to 5 USC 703.

3. Defendant United States of America has waived its sovereign immunity and has allowed itself to be sued as a Defendant in the context of the FTCA for the torts of its employees.

(2)

## FACTS

### A. FTCA Claim

4. On May 9, 2019, Plaintiff was found guilty by the Disciplinary Hearing Officer (DHO) at Allenwood LSCI of the charge of Use of Narcotics. On both the incident report and the DHO Report, there is no mention of what narcotic the accusation is based on. There is also no indication on either report, or any facts whatsoever, of any circumstances which would lead to the conclusion that Plaintiff used any particular narcotic.

5. Plaintiff appealed the DHO disposition asserting that the DHO finding was not based on some facts as required by BOP regulations. The Central Office of the BOP refused to overturn the disposition in Washington D.C. It is noted that a urinalysis, performed on Plaintiff on April 21, 2019, the date of the incident report, came back negative for any narcotics. The Central Office response to Plaintiff's disciplinary appeal is dated 10/10/19.

6. On 12/06/19, Plaintiff filed a Habeas Corpus petition pursuant to 28 U.S.C. 2241. By response dated 02/03/20, the Government advised the Court that the DHO disposition had been expunged subsequent to the filing of the 2241 petition.

7. This expungement occurred subsequent to Plaintiff's service of the sanctions imposed at the May 9, 2019 hearing. Plaintiff was locked in an SHU cell for 54 days from April 21, 2019 up to June 13, 2019. Plaintiff was deprived of all his property, allowed one hour of recreation five days a week, had no commissary privileges, could not call his family, fed his meals inside the cell, could not attend the law library

These are all activities Plaintiff can engage in as of right if he was in general population.

8. Throughout the disciplinary process, staff allowed a deficient report to go from investigation, hearing and appeal without adhering to the BOP regulations which govern every step of the process.

## B. APA Claims

### 1. Law Library Materials

9. When the Plaintiff came into BOP custody in 1992, the BOP law libraries maintained directories which contained contact information for all three branches of Government; Congress, Federal courts and executive agencies. In the 2010's the BOP switched to an Electronic Law Library (ELL) which contains all the federal statutes and cases. It contains the addresses of federal courts.

10. What it does not contain are addresses for the legislative branch and the executive agencies. This has created a barrier for Plaintiff. He can not contact his congressional representative to lobby for certain laws to alleviate his condition, such as the retroactivity of 924(c) or to request assistance with BOP issues.

11. Plaintiff can not contact Federal agencies for assistance and information such as the National Institutes of Health, which issues information on medical conditions that Plaintiff suffers from. When requested of staff, Plaintiff is told to contact his family for the addresses. Plaintiffs family is deceased. Central Office in its response state that what is in the library is all that the policy requires. A non-response when the administrative

(4)

request is to change the policy.

12. BOP regulations nor the ELL provide for access to state law. Plaintiff and most prisoners in federal custody have prior state convictions which are used for enhancement purposes. Without access to state law, a prisoner can not research and challenge his prior state convictions in order to lessen his federal sentence.

13. With the ELL, it would not be an administrative burden for the BOP to provide the above requested resources through its LexisNexis databases.

14. BOP regulations do provide that prisoners have access to typewriters in order to prepare legal pleadings. What the overwhelming number of prisons are providing is the Swintec typewriter. It is a plastic, see-through machine which needs a typing wheel that costs $25.00, a ribbon that costs $8.00 and correction ribbon that costs $1.55 in order to function. Up to a few years ago the BOP provided the accessories for the typewriter to function.

15. Now, in order for a prisoner to be able to use the typewriter, he must have the available funds to buy the accessories necessary to make the typewriter function. If you do not have the funds, then you must write the papers manually. Therefore, the manner in which a prisoner presents his pleadings to a court depends on much funds he has. Plaintiff is sure that the courts in 2020 prefer a typewritten pleading. The BOP is perverting the intent of the regulation, which is to provide a functioning typewriter, not a shell of a typewriter.

## 2. Transfer Property

16. There are certain items of property that is confiscated upon transfer to another BOP prison. They are items denominated as "Local Use Items" when bought in a particular prison's commissary. At one time there might have been a rationale for this rule. For instance, an item is sold at one prison and not at another prison. So, upon transfer to a prison that does not allow that item or carry that item, taking that item is understandable.

17. But, now all the items delineated as "Local Use Items" are uniformly sold throughout every BOP prison. They are: 1) gray scarves, 2) gray hats, 3) gray gloves 4) gray long johns 5) typewriter wheels, ribbons and correction tape. These items are the same items from the same vendors sold throughout the BOP. There is no basis for this policy of the BOP that serves a legitimate correctional purpose. It however a burden on a prisoner to have to buy the exact same item upon a transfer after they have just been confiscated. The irony is rather rich as it concerns the afore-mentioned need to buy accessories for a typewriter, only to be confiscated upon transfer.

## 3. Housing

18. Plaintiff has been in prison for thirty years and has seventeen years left to serve. He has spent that time housed in cells in High and Medium security prisons. As the Plaintiff's security level goes down to Low security, he will be housed in dormitory style housing. Plaintiff was recently been housed in a dormitory and he was not able sleep, rest or be at peace being out in the open and accessible to any and everybody. Plaintiff can not adapt to such an environment after thirty years in a cell.

19 The BOP is not considering the history and characteristics of a prisoner when making its housing decisions. The BOP must begin to take into its calculus the facets of a long-term prisoner which inform how he has adapted and the environments he can function in. It should not take adverse incidents that negatively impact a prisoner's circumstances in order for the BOP to consider a prisoner's history and characteristics.

### 3. Freedom of Information Act

20. In May, 2019, Plaintiff requested from the BOP the documents related to the urinalysis done on April 21, 2019, indicating a negative result for the presence of narcotics. The BOP acknowledged receipt of the request in June, 2019. Since that time, the agency has went dark and has not produced the requested documents.

### CLAIMS

21. The BOP failed in its statutory duty of care for Plaintiff by the negligent actions of its employees not following the regulations which direct a course of conduct in administering the disciplinary process. Which negligence caused the Plaintiff injury by abridging his legally protected right of being in general population and engaging in activities. Such abridgement of right causing Plaintiff harms such as being locked up in an SHU cell 23 or 24 hrs a day for 54 days, limiting his time out of the cell one hour a day, 5 days a week, not allowing Plaintiff any phone calls to contact family and friends, depriving Plaintiff of all his personal property and restricting Plaintiffs access to the law library and commissary;

(7)

22. The actions of the BOP employees also constitute the tort of false imprisonment/wrongful confinement in that Plaintiff was confined in the SHU boundaries set by the employees against his will for 54 days through means contrary to BOP regulations which harmed Plaintiff in the manner described in paragraph 21, supra;

23. The BOP decision not to provide the contact information for Congressional and Executive agency officials impairing the Plaintiff's right to petition the Government for redress of grievances is arbitrary and capricious and violative of the First Amendment to the United States Constitution.

24. The BOP decision not to provide prisoners with state criminal statutes and cases impairing the prisoners' right to access the courts and challenge prior state convictions that are used to enhance federal sentences is in violation of the First Amendment to the United States Constitution, and is arbitrary and capricious.

25. The BOP decision to make prisoners purchase the typewriter wheel, ribbon and correction tape in order to use the BOP issued typewriter is an arbitrary and capricious interpretation of the regulation which violates the Equal Protection Clause of the Fifth Amendment to the United States Constitution in that the BOP accommodates prisoners with the funds to be able to type their pleadings as opposed to prisoners without the funds to purchase the typing accessories.

26. The BOP decision to confiscate items of inmate

(8)

personal property denoted as For Local Use Only; when a
prisoner is transferred from one prison to another is
arbitrary and capricious and has no rational basis as the exact
same items are sold in every BOP prison.

27. The BOP practice of not assessing a prisoner's
history and characteristics when transferring certain prisoners
to certain prisons, specifically Plaintiff who can not function
properly or sleep in a dormitory environment after being in
a cell for three decades is in violation of the Eighth Amendment
to the United States Constitution as Plaintiff is being denied
the essential necessity of sleep.

28. The BOP's refusal to fulfill the prisoner's request
for the documents relating to the urinalysis (results) of
04/21/19 violates the time frame set by the Freedom of
Information Act and is actionable pursuant to FOIA.

## Relief Requested

(A) Damages of $5,400.00 from defendant United
States of America for the FTCA claims;

(B) Injunctive relief from defendant BOP as follows:

(1) Adding contact information to the Electronic Law
Library for legislative and Executive agencies; State law
and criminal cases to the ELL;

(2) Provide the typewriter wheel, ribbon and correction tape
with the typewriter when a prisoner needs to use
the typewriter to prepare legal pleadings;

(9)

(3) Allow a prisoner to keep those items that are sold in all BOP institutions upon a prisoner's transfer from one BOP institution to another. And, to stop denoting those universal items as "for Local Use Only";

(4) Have the BOP assessing into its calculus when transferring a prisoner from a cell into a dormitory environment if that prisoner has been in for decades in a cell environment and the prisoner informs the BOP he can not function and sleep in a dormitory environment;

(5) Have the BOP produce the requested urinalysis documents of 04/21/19.

Plaintiff, Jean Bernier, declares under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing Complaint is true and correct to the best of his knowledge.

Respectfully Submitted,

Dated: 05/07/20

Jean Bernier
29463-054
FCI Allenwood
P.O. Box 2000
White Deer, Pa. 17887

(10)